IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 30 2008

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | |
|---|---|
| AMCO INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION<br>) FILE NO.: |
| HOMEWAVES, INC., RON ONORATO, and MARK HIGGINS, | )<br>)<br>) |
| Defendants. | ) |

1:08-CV-1902-GET

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, plaintiff AMCO Insurance Company ("AMCO") and files this Complaint for Declaratory Judgment showing the Court as follows:

### PARTIES

1.

AMCO, plaintiff herein, is incorporated under the laws of Iowa with its principal place of business in Ohio.

2.

Home Waves, Inc. ("Home Waves"), a defendant herein, is incorporated under the laws of Georgia with its principal place of business in Georgia. Home Waves may be served with process through its registered agent, Robert D. Rose, at 2650 Northgate Avenue, Cumming, GA 30041.

3.

Ron Onorato ("Onorato"), a defendant herein, is a citizen of Georgia and may be served at 3850 Schooner Ridge, Alpharetta, GA 30204. Onorato seeks damages from AMCO's insured and is properly named herein so he will be bound by the coverage rulings of this Court.

4.

Mark Higgins ("Higgins"), a defendant herein, is a citizen of Georgia and may be served at 6522 Secret Cove Court, Flowery Branch, GA 30542. Higgins seeks damages from AMCO's insured and is properly named herein so he will be bound by the coverage rulings of this Court.

## JURISDICTION AND VENUE

5.

There is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds $75,000.

6.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201.

7.

Venue over this action is proper in this court pursuant to 28 U.S.C. § 1391. This case involves the interpretation of an insurance contract that was

negotiated by Home Waves in Duluth, Georgia, and which was delivered in Duluth, Georgia. A substantial part of the events giving rise to the claim occurred in the Atlanta Division of the Northern District of Georgia.

8.

Defendants are subject to the personal jurisdiction of this Court.

9.

There is an actual controversy with respect to an insurance contract delivered in Duluth, Georgia, which lies in the Atlanta Division of the Northern District of Georgia. This court should declare the rights and legal obligations of the parties pursuant to 28 U.S.C. § 2201.

## UNDERLYING LAWSUITS

10.

On March 27, 2007, Home Waves filed suit against Onorato to recover the cost of installing "certain networked home systems, including structured wiring, home automation, home control, home theater, whole house distributed audio, network communications, security systems and lighting systems." A true and correct copy of the complaint is attached as Exhibit A.

11.

On April 26, 2007, Onorato answered the complaint and counterclaimed for breach of contract, negligent selection of equipment, negligent hiring and retention, negligent installation and service, breach of warranty, fraudulent inducement, fraudulent failure to disclose, unfair business practices and bad faith. Essentially, Onorato counterclaimed that Home Waves failed to provide and install the home theater system in compliance with contractual expectations. A true copy of Onorato's Answer, Defenses and Counterclaims, seeking $1,250,000 in counterclaim damages, is attached hereto as Exhibit B.

12.

On September 24, 2007, Home Waves filed suit against Higgins to recover the cost of installing "low voltage wiring and various audio, video, control and security equipment." A true and correct copy of the Complaint is attached as Exhibit C.

13.

On January 9, 2008, Higgins answered the complaint and counterclaimed for that Home Waves failed to provide and install the home theater system in compliance with contractual expectations. A true copy of

Higgins's Answer, Defenses and Counterclaims, seeking $250,000 in counterclaim damages, is attached hereto as Exhibit D.

14.

Home Waves tendered the counterclaims to AMCO for coverage, pursuant to a commercial general liability policy issued for the period March 17, 2006 to March 17, 2007, bearing policy number ACP MCTO 7111800141 ("CGL Policy"). A true and complete copy of the CGL Policy is attached to the initial complaint as Exhibit E.

15.

AMCO agreed to defend Home Waves against the counterclaims pursuant to a reservation of rights. True and correct copies of the reservation of rights letters are attached to the initial complaint as Exhibits F and G.

## INSURANCE POLICY PROVISIONS

16.

Under Section I, Coverages of the Commercial General Liability Coverage Form ("CGL Form") of the Policy, AMCO agreed to pay "those sums that the insured becomes legally obligated to pay as damages because of…'property damage' to which this insurance applies…. However,

[AMCO] will have no duty to defend the insured against any 'suit' seeking damages for... 'property damage' to which this insurance does not apply."

17.

Under Section I(b) of the CGL Form, "[t]his insurance applies to... ' 'property damage' only if (1) [t]he 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory.'"

18.

Under Section V(17) of the CGL Form, "property damage" is defined as:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

19.

Under Section V(13) of the CGL Form, "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

20.

Under Section I(2)(j) – (m) of the CGL Form, the following business risks are excluded from coverage:

    j.    Damage To Property

        "Property damage" to:

        (1)    Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

        (2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

        (3)    Property loaned to you;

        (4)    Personal property in the care, custody or control of the insured;

        (5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

        (6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

        Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days.

        Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

        Paragraph (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

k.    Damage to Your Product

        "Property damage" to "your product" arising out of it or any part of it.

l.    Damage To Your Work

        "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

        This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m.    Damage To Impaired Property Or Property Not Physically Injured

        "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

        (1)    A defect deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

  (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

21.

Under Section V(21) of the CGL Form, "your product" is defined as:

  (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    (a) You;

    (b) Others trading under your name; or

    (c) A person or organization whose business or assets you have acquired; and

  (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

 b. Includes

  (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

  (2) The providing of or failure to provide warnings or instructions.

 c. Does not include vending machines or other properly rented to or located for the use of others but not sold.

22.

Under Section V(22) of the CGL Form, "your work" is defined as:

    (1)    Work or operations performed by you or on your behalf; and

    (2)    Materials, parts or equipment furnished in connection with such work or operations.

b.    Includes

    (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

    (2)    The providing of or failure to provide warnings or instructions.

## **RELIEF SOUGHT**

23.

Based on all the terms, conditions and exclusions in the policy (whether expressly mentioned or identified in this complaint or not) as well as under relevant legal principles and public policy concerns, AMCO seeks a declaration as to its obligation to defend and/or indemnity Home Waves for the counterclaims asserted in the Onorato and Higgins lawsuits.

WHEREFORE, plaintiff AMCO Insurance Company prays that the Court:

(a) Declare that AMCO Insurance Company has no duty to defend or indemnify the counterclaims asserted in the Onorato and Higgins lawsuits;

(b) Award such other and further relief as the Court shall deem just and proper; and

(c) Convene a jury to resolve all issues so triable.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836

Attorney for Plaintiff AMCO Insurance Company

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
770/818-0000 (telephone)
770/937-9960 (facsimile)

VJB0622/5685.42512