IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| HOME WAVES, INC., § | | **FILED IN OFFICE** |
| a Georgia Corporation, and § | | MAR 2 7 2007 |
| LIGHT LOGICS, LLC, § | | Deputy Clerk Superior Court |
| a Georgia Corporation, § | | Fulton County, Georgia |
| § | | |
| Plaintiffs, § | CIVIL ACTION | |
| v. § | | |
| § | | |
| RON ONORATO, § | NO. _____ | |
| § | | |
| Defendant. § | | |

## COMPLAINT

Plaintiffs Home Waves, Inc. ("Home Waves") and Light Logics, LLC ("Light Logics") (collectively "Plaintiffs") submit their Complaint against Defendant Ron Onorato ("Defendant"), showing this Court as follows:

### Parties, Jurisdiction, and Venue

1.

Home Waves is a Georgia corporation authorized to transact business in Georgia. Home Waves specializes in designing, installing, engineering and supporting networked home systems, including structured wiring, home automation, home control, home theater, whole house distributed audio, network communications, and security systems.

2.

Light Logics is a Georgia corporation authorized to transact business in Georgia. Light Logics specializes in designing and selling lighting fixtures.



3.

Defendant Ron Onorato is a resident of Fulton County, Georgia. He may be served with the Summons and Complaint at his residence address of 3850 Schooner Ridge, Alpharetta, Fulton County, Georgia 30204 (the "Premises").

4.

Jurisdiction and venue are proper in this Court because Defendant is a resident of Fulton County, Georgia.

## Statement of Material Facts

5.

On or about September of 2004, Home Waves, Light Logics and Defendant entered into an agreement for the purchase and installation of certain networked home systems, including structured wiring, home automation, home control, home theater, whole house distributed audio, network communications, security systems and lighting systems at the Defendant's Premises. This original agreement was substantially revised on or about July 12, 2005, and the July agreement (the "Agreement") was intended by all parties to supersede the previous agreement.

6.

Pursuant to the Agreement, Home Waves and Light Logics purchased and installed various audio, video, lighting and security equipment and performed various professional services and products for Defendant at the Premises.

7.

Since Plaintiffs began work at the Premises under the Agreement, Defendant has requested a substantial number of changes to the scope of the work to be done by Plaintiffs at the Premises, the large majority of which were requested verbally either on the telephone or in person while Plaintiff's employees were at the Premises. Defendant either signed off on the change orders that were generated by Plaintiffs to track the changes requested by Defendant ("Change Orders") or otherwise approved the Change Orders by accepting the work performed and the related reconciliation sheets reflecting the additional charges for the work performed pursuant to the Change Orders.

8.

In January 2007, before the completion of the project, but after completion of substantially all of the work to be performed pursuant to the Agreement and subsequent Change Orders, Defendant refused to allow representatives of Home Waves and Light Logics to enter the Premises to complete the installation of the equipment described above.

9.

The Agreement between Home Waves, Light Logics and Defendant provides that:

[Defendant] agrees to purchase services and products to complete the installation as described in this Agreement and to pay [Defendants] for those services and products as defined in this proposal.

. . .

Payment for services will be due when each phase of the project is Substantially Complete. (Substantially Complete means that [Defendants have] made every reasonable effort to complete the work and that any residual work that still remains is temporarily out of the control of [Defendants] – i.e.: product backorder, builder or homeowner delays, etc.).

. . .

> Past due balances will incur a 1.5% monthly finance charge. If legal action is required to collect monies due in association with this contract, all attorneys' fees will be the sole responsibility of [Defendant].

## COUNT I – BREACH OF CONTRACT

10.

Plaintiffs incorporate by reference into this paragraph 10 of the Complaint the allegations contained in Paragraphs 1 through 9 of the Complaint as though they were set forth fully in this Paragraph 9.

11.

To date, Home Waves is Substantially Complete with each phase of the project as defined in the Agreement with Defendant. Home Waves is unable to complete the remaining work on the project because Defendant has refused to let representatives of Home Waves enter the Premises. Currently, Defendant owes Home Waves $197,362.61 in principle for the labor, materials and services Home Waves has provided pursuant to the Agreement, which Defendant has refused to pay. Additionally, Defendant owes Home Waves interest at a rate of 1.5% per month and, if Defendant fails to pay the principal amount owed within ten (10) days after service of the summons and Complaint in this action, attorneys' fees in the amount of $19,736.26 pursuant to *O.C.G.A. § 13-1-11* and the Agreement.

12.

To date, Light Logics is Substantially Complete with each phase of the project as defined in the Agreement with Defendant. Light Logics is unable to complete the remaining work on the

project because Defendant has refused to let representatives of Light Logics enter the Premises. Currently, Defendant owes Light Logics $36,584.86 in principle for the labor, materials and services Light Logics has provided pursuant to the Agreement, which Defendant has refused to pay. Additionally, Defendant owes Light Logics interest at a rate of 1.5% per month and, if Defendant fails to pay the principal amount owed within ten (10) days after service of the summons and Complaint in this action, attorneys' fees in the amount of $3,658.48 pursuant to *O.C.G.A. § 13-1-11* and the Agreement.

13.

On or about January 30, 2007 and again on February 12, 2007, counsel for Home Waves and Light Logics made a demand upon Defendant that it pay to Plaintiffs the unpaid principle pursuant to the Agreement.

14.

To date, Defendant has refused to pay Plaintiffs any amount of the unpaid principle owed to Plaintiffs.

## COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

15.

Plaintiffs incorporate by reference into this paragraph 15 of the Complaint the allegations contained in Paragraphs 1 through 14 of the Complaint as though they were set forth fully in this Paragraph 15.

16.

Defendant has told Plaintiffs he wants to "ruin" Plaintiffs' business. In this regard, Defendant has contacted several other current and former customers of Plaintiffs, disparaging

Plaintiffs and their work and encouraging these customers to cease doing business with Plaintiffs and to enter into a lawsuit with Defendant against Plaintiffs. Specifically, Defendant has told Plaintiffs' other customers that Plaintiffs had done horrible work on Defendant's project, that Plaintiffs are incompetent and do not employ good workers, and that, as a result, he is "rallying the troops" for a lawsuit against Plaintiffs. Aside from the "rallying the troops" comment, these statements are false.

17.

Defendant has also contacted several of Plaintiffs' business associates who have referred business to Defendants in the past, disparaging Plaintiffs and their work and causing those business associates to cease referring work to Plaintiffs. Specifically, Defendant has told Plaintiff's business associates that Plaintiffs took all his money without finishing his project and Plaintiff HomeWaves' CEO, Robert Rose, moved to the Bahamas. This is not true. Defendant has also told Plaintiffs' business associates that Plaintiffs had done horrible work on Defendant's project, that Plaintiffs are incompetent and do not employ good workers, and that, as a result he is "rallying the troops" for a lawsuit against Plaintiffs. Aside from the "rallying the troops" comment, these statement are false.

18.

Defendant's statements to Plaintiffs' customers and business associates, as set forth above, constitute intentional, malicious and unjustified interference with the business relations between Plaintiffs and their customers and business referral sources.

19.

Defendant's wrongful acts of interference with the business relations between Plaintiffs and their customers and business associates have caused Plaintiffs damage in an amount to be determined at trial.

## COUNT III – BUSINESS SLANDER

20.

Plaintiffs incorporate by reference into this paragraph 20 of the Complaint the allegations contained in Paragraphs 1 through 19 of the Complaint as though they were set forth fully in this Paragraph 20.

21.

Defendant's false statements, as set forth in paragraphs 16 and 17 above, were made maliciously, without privilege or excuse, and were intended to injure Plaintiffs' business. As a result of such statements, Defendant has committed the tort of business slander *per se*.

22.

Plaintiffs are entitled to recover damages in an amount to be shown at trial, consisting, without limitation, of profits from sales that Plaintiffs lost from customers that previously did business with Plaintiffs, but moved their business away from Plaintiffs based on Defendant's false statements.

## COUNT IV - PUNITIVE DAMAGES

23.

Plaintiffs incorporate by reference into this paragraph 23 of the Complaint the allegations contained in Paragraphs 1 through 22 of the Complaint as though they were set forth fully in this Paragraph 23.

24.

The intentional acts of Defendant described in this Complaint in contacting Plaintiffs' customers and business associates, disparaging Plaintiffs and encouraging these customers and business associates to cease doing business with Plaintiffs, evidence willful misconduct, wantonness, oppression and that entire want of care which would raise the presumption of Defendant's conscious indifference to the consequences.

25.

Pursuant to *O.C.G.A. § 51-12-5.1*, Plaintiffs are entitled to recover from Defendant punitive damages, to be determined at the trial of this civil action before a jury, to deter Defendant from engaging in such acts in the future.

## COUNT V – EXPENSES OF LITIGATION

26.

Plaintiffs incorporate by reference into this paragraph 26 of the Complaint the allegations contained in Paragraphs 1 through 25 of the Complaint as though they were set forth fully in this Paragraph 26.

27.

The willful and intentional acts of Defendant described in this Complaint, as well as Defendant's refusal to pay the amounts due to Plaintiffs, evidence bad faith and stubborn litigiousness.

28.

Pursuant to the terms of the Agreement and *O.C.G.A. § 13-6-11*, Plaintiffs are entitled to recover from Defendant their expenses of litigation, including all of their reasonable attorneys' fees.

WHEREFORE, Plaintiffs respectfully pray and demand that:

(a) The Court enter a judgment in favor of Plaintiff Home Waves and against Defendant for breach of contract as set forth in Count I in the amount of $197,362.61, plus pre-judgment interest;

(b) The Court enter a judgment in favor of Plaintiff Light Logics and against Defendant for breach of contract as set forth in Count I in the amount of $36,584.86, plus pre-judgment interest;

(c) The Court enter a judgment in favor of Plaintiffs and against Defendant for tortious interference with business relations as set forth in Count II;

(d) The Court enter a judgment in favor of Plaintiffs and against Defendant for business slander as set forth in Count III;

(e) The Court enter a judgment in favor of Plaintiffs and against Defendant for punitive damages as set forth in Count IV in an amount to be determined at trial;

(f) The Court enter a judgment in favor of Plaintiffs and against Defendant for expenses of litigation, including all reasonable attorneys' fees as set forth in Count V;

(g) The Court tax all costs of this action against Defendant; and

(h) The Court grant such other and further relief as it considers equitable, just and appropriate under the circumstances.

This 27th day of March 2007.

ARNALL GOLDEN GREGORY LLP

*/s/ Erinn K. Robinson*

Stephen M. Dorvee
Georgia Bar No. 226989
Erinn K. Robinson
Georgia Bar No. 412702
Attorneys for Plaintiffs

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363
(404) 873-8500
(404) 873-8501 (facsimile)

| SHERIFF'S ENTRY OF SERVICE | SC-85-2 | CLYDE CASTLEBERRY CO., COVINGTON, GA 30015 |

Civil Action No. _____

Date Filed _____

Superior Court ☒  Magistrate Court ☐
State Court ☐  Probate Court ☐
Juvenile Court ☐

Georgia, __Fulton__ COUNTY

Homewave, Inc., a Georgia corporation
and
Light Logics, LLC, a Georgia corporation

Plaintiff

VS.

Ron Onorato

Attorney's Address
Stephen M. Dorvee, Esq.
Erinn K. Robinson, Esq.
Arnall Golden Gregory LLP
171 17th Street, Suite 2100
Atlanta, GA 30363

Defendant

Name and Address of Party to be Served.

Mr. Ron Onorato

3850 Schooner Ridge

Alpharetta, GA 30204

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☐ Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20 _____.

_____ DEPUTY

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

Homewaves, Inc., a Georgia corporation

And Light Logics, LLC, a Georgia

corporation

CIVIL ACTION,

NUMBER _____

PLAINTIFF

VS

Ron Onorato

DEFENDANT

3/31/07

SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:
Stephen M. Dorvee, Esq.
Erinn K. Robinson, Esq.
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363

An answer to the complaint which is herewith served upon you, within 30 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __27__ day of __March__, 20__08__

Juanita Hicks
Clerk of Superior Court

By _____
Deputy Clerk

To Defendant upon whom this petition is served:

This copy of complaint and Summons was served upon you _____ 20_____.

_____ Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make

6009-082-685

2088087v1

# General Civil Case Filing Information Form (Non-Domestic)

**Court**  County Fulton                                    Date Filed _____
☒ Superior                                                        MM-DD-YYYY
☐ State        Docket # 2007 CV 131596

**Plaintiff(s)**                                                **Defendant(s)**

Homewaves, Inc.                                                 Onorato, Ron
Last  First  Middle I. Suffix Prefix  Maiden                    Last  First  Middle I. Suffix Prefix  Maiden

Light Logics, LLC
Last  First  Middle I. Suffix Prefix  Maiden                    Last  First  Middle I. Suffix Prefix  Maiden

Last  First  Middle I. Suffix Prefix  Maiden                    Last  First  Middle I. Suffix Prefix  Maiden

Last  First  Middle I. Suffix Prefix  Maiden                    Last  First  Middle I. Suffix Prefix  Maiden

**No. of Plaintiffs** 2                                         **No. of Defendants** 1

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

                                                                **FILED IN OFFICE**

Dorvee    Stephen    M                                          MAR 2 7 2007
Last      First      Middle I. Suffix
                                                                Deputy Clerk Superior Court
                                                                Fulton County, Georgia

**Bar #** 226989

| **Check Primary Type (Check only ONE)** | **If Tort is Case Type:** (Check no more than **TWO**) |
|---|---|
| ☒ Contract/Account | ☐ Auto Accident |
| ☐ Wills/Estate | ☐ Premises Liability |
| ☐ Real Property | ☐ Medical Malpractice |
| ☐ Dispossessory/Distress | ☐ Other Professional Negligence |
| ☐ Personal Property | ☐ Product Liability |
| ☐ Equity | ☐ Other Specify _____ |
| ☐ Habeas Corpus |  |
| ☐ Post Judgment Garnishment, Attachment, or Other Relief | Are Punitive Damages Pleaded? ☒ Yes  ☐ No |
| ☐ Non-Domestic Contempt |  |
| ☐ Tort (If tort, fill in right column) |  |
| ☐ Other General Civil Specify _____ |  |

2088086v1